IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

IGNACIO LOPEZ                          )
                                       )
            Plaintiff,                 )        No. CV 06-419-TUC-FRZ (BPV)
                                       )
vs.                                    )
                                       )
                                       )        **REPORT AND**
UNIVERSITY OF ARIZONA                  )        **RECOMMENDATION**
HOSPITAL, et al.,                      )
                                       )
            Defendants.                )
_____    )

Pending before this Court is Plaintiff's "Motion to Proceed in Forma Pauperis," which accompanies his complaint to recover damages for "Malpractice, Denied Discharge, and Breach of Contract."

Plaintiff's Complaint was filed on August 11, 2006, along with a Motion to Proceed In Forma Pauperis and Supporting Information. (Doc No. 1.)  A Motion to Dismiss for failure to serve pursuant to Rule 4(m) and pursuant to Rule 12(b)(6) was filed by Defendant University Medical Center on December 18, 2006.  (Doc. No. 2)  On June 14, 2007, the case was reassigned due to a conflict of interest, to Magistrate Judge Bernardo P. Velasco.  Following reassignment, a District Judge election was made (Doc. No. 21), and the case was assigned to District Judge Frank R. Zapata, and referred to Magistrate Judge Bernardo P. Velasco for report and recommendation (Doc. No. 24).

Plaintiff has filed numerous motions:  a motion for sanctions, three motions for summary judgment, and a motion for injunctive relief.  (Doc. No's. 5, 11, 18, 26, and 28)

1    Additionally, Defendant Carondelet Health Network, Inc. dba St. Mary's

2  Hospital moved to dismiss Plaintiff's Complaint for failure to serve, and joined in the

3  previously filed 12(b)(6) motion to dismiss.  (Doc. No. 14)

4    This Court must first, however, address Plaintiff's Motion to Proceed In Forma

5  Pauperis, as Plaintiff has neither paid the filing in this case, nor does it appear that this

6  matter was previously addressed.

7

8                         **MOTION TO PROCEED IN FORMA PAUPERIS**

9    Plaintiff's "Motion to Proceed in Forma Pauperis" satisfies the proof-of-

10  indigence requirements of 28 U.S.C. § 1915(a)(1). Nevertheless, Plaintiff should not

11  be permitted to proceed *in forma pauperis* and his case should be dismissed pursuant

12  to 28 U.S.C. § 1915(e)(2)(B).  The claims raised in Plaintiff's Complaint are frivolous.

13  28 U.S.C. § 1915(e)(2)(B)(i).  Furthermore, Plaintiff fails to state a claim on which

14  relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

15    Pursuant to 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any complaint

16  filed *in forma pauperis* if the court determines that the complaint is frivolous or

17  malicious or fails to state a claim upon which relief can be granted, or seeks monetary

18  relief from an individual who is immune from such relief.  *See Marks v. Solcum*, 98

19  F.3d 494, 495 (9th Cir. 1996).  This Court may grant leave to proceed *in forma*

20  *pauperis*, allow the filing of the Complaint, and then determine whether to dismiss the

21  complaint prior to service of process for failure to state a claim upon which relief may

22  be granted.  *See Franklin v. Murphy*, 745 F.2d 1221, 1226-27 n.6 (9th Cir. 1984).

23  Authority for *sua sponte* dismissal by the Court is found in 28 U.S.C. §1915(e)(2).  This

24  provision applies to all actions filed *in forma pauperis*, whether or not the Plaintiff is

25  incarcerated. *See* 28 U.S.C. §1915(a)(1); *Lopez v. Smith*, 203 F.3d 1122, 1128 (9th

26  Cir.2000).

27

28                                          - 2 -

1    An action is deemed frivolous where there is no arguable basis for relief either
2  in law or in fact. *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). An action fails to state
3  a claim where it "appears beyond doubt that the plaintiff can prove no set of facts in
4  support of his claim which would entitle him to relief." *Abramson v. Brownstein,* 897
5  F.2d 389, 391 (9th Cir. 1990) (citations omitted). "In civil rights actions where the
6  plaintiff appears pro se, the court must construe pleadings liberally and afford the
7  plaintiff the benefit of any doubt." *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d
8  621, 623 (9th Cir.1988) (citation omitted). "A pro se litigant must be given leave to
9  amend his or her complaint unless it is 'absolutely clear that the deficiencies of the
10 complaint could not be cured by amendment.'" *Id*. at 623. (citations omitted).
11 Moreover, before dismissing a *pro se* civil rights complaint for failure to state a claim,
12 the district court must give the plaintiff a statement of the complaint's deficiencies. *Id*.
13 at 623-624 (citations omitted).

14    As discussed below, it appears at this juncture that dismissal is warranted. The
15 court recognizes that a *pro se* litigant should be given leave to amend his or her
16 complaint unless it is clear that the deficiencies of the complaint could not be cured by
17 amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995)(*citing Noll
18 v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987)). However, even though *pro se*
19 pleadings are to be liberally construed, conclusory and vague allegations will not
20 support a cause of action. *Ivey v. Board of Regents of the Univ. of Alaska*, 673 F.2d 266,
21 268 (9th Cir. 1982).

22                                    **DEFICIENCIES**

23    Plaintiff fails to set forth a "short and plain statement" of his claims and ground
24 for jurisdiction pursuant to Federal Rules of Civil Procedure 8(a). Neither is Plaintiff's
25 pleading as a whole simple, concise, or direct. Fed.R.Civ.P. 8(d)(1). Furthermore,
26 Plaintiff's pleading fails to conform to Federal Rule of Civil Procedure 10(b), which
27 requires that all averments of claim be made in numbered paragraphs, limited as far as
28

1   practicable to a "single set of circumstances" with each claim stated in a separate count.

2         Plaintiff has failed to state a claim pursuant to any of the statutes cited as the

3   jurisdictional basis for his claims.   Additionally, Plaintiff's pleading is vague,

4   conclusory, incoherent, and fails to set forth a short and plain statement of his claims.

5   Plaintiff's pleading fails to conform to Federal Rules of Civil Procedure, Rules 8(a) and

6   (d)(1), and Rule 10(b).

7         Plaintiff's   Complaint, in   its   entirety, is   unintelligible   and   nearly

8   incomprehensible.   It would be practically impossible to defend this Complaint based

9   on the allegations contained therein and in any of the subsequent motions submitted by

10   Plaintiff.  This Court finds that this alone is sufficient reason to dismiss the Complaint,

11   and recommends that the District Court do so.  The next issue, then, is whether Plaintiff

12   should be given leave to amend his Complaint.  This Court looks to the specific

13   allegations contained in the Complaint and the additional papers to determine if the

14   deficiencies of the Complaint could be cured by amendment.

15         Although it is difficult to designate the causes of action alleged in the

16   complaint, a liberal reading of the complaint reveals the following contentions.

17   Plaintiff alleges that Plaintiff's mother, Mrs. Josefina L. Stefano, was admitted to the

18   UMC Hospital on June 28, 2002 suffering from "brief coughing" and was admitted and

19   treated and transferred to La Canada Care Center.  Plaintiff alleges that Defendants

20   failed to fulfill their agreements under the Resident Admission Agreement attached to

21   the Complaint, and such breach constituted a violation of state and federal law.

22   (Complaint, p.2, ln 20-21.)  Plaintiff further alleges that Defendants breached the

23   applicable standard of care in their treatment of his mother, under Arizona law A.R.S.

24   § 12-563, resulting in malpractice, resulting in injury to his mother, and damages to

25   Plaintiff.  (Complaint, p.3, ln 1-4.)  Plaintiff contends that his mother's condition

26   required only a brief examination of her ailment and immediate discharge "like other

27   times," and not the extensive examination and treatment she received. (Complaint, p.1,

28

1   ln 19-25.)   Additionally, Plaintiff asserts that they denied his requests to have her
2   discharged.  (Complaint, p.1, ln 24.)

3          Plaintiff files his complaint regarding breach of contract, under A.R.S. § 12-
4   544(3).  (Complaint, p.2, ln. 1)  Plaintiff asserts that Defendants acted in violation of
5   paragraphs 21, 27, 28 and 30 of the Agreement between the Defendant La Canada Care
6   Center and Plaintiff's mother.   (Complaint, p.2, ln. 3-4.)   Plaintiff asserts that the
7   agreement applies to all the other Defendants in this case as well.

8          Plaintiff asserts that Defendants breached the applicable standard of care, under
9   A.R.S. § 12-563, which was the proximate cause of injury to the patient, and damages
10  to the Plaintiff.  (Complaint, p.3, ln 1-5.)

11         Insofar as Plaintiff's Complaint alleges claims of medical malpractice and
12  breach of contract, the only possible federal jurisdictional basis for the claims raised in
13  Plaintiff's Complaint is jurisdiction based on diversity of citizenship. *See 28 U.S.C. §*
14  *1332*

15         The Complaint is deficient in this regard, however, as federal courts being
16  courts of limited jurisdiction, the presumption is that it is without jurisdiction unless the
17  contrary affirmatively appears. *See Grace v. American Central Ins. Co.*, 109 U.S. 278
18  (1883).  There is a complete absence of any allegations as to the citizenships of all
19  parties in this case.

20         Further, the statute of limitations in Arizona for medical malpractice, including
21  medical malpractice actions based on breach of contract, is two years. A.R.S. §
22  12-542(1).  Plaintiff alleges the negligent actions of the Defendants began on June 28,
23  2002.  Plaintiff's Complaint was filed on August 8, 2006, nearly four years later.
24  Although it is not clear at exactly what point Plaintiff's claim might have accrued,
25  certainly, when he filed his action in this District Court, *Lopez v. University of Arizona*
26  *Medical Center, et al., CV 02-568-TUC-JMR*, on October 22, 2002, alleging that the
27  defendant medical centers held his mother against her will and mis-diagnosed her and

28                                           - 5 -

1   injected her with morphine causing her to fall into a coma, and, additionally, violated
2   her civil right to free choice of hospitals under the Medicare Federal Insurance
3   Coverage, his claims had accrued.

4           It is unclear whether Plaintiff's mother is still living.  If she is living, Plaintiff
5   does not have standing to bring this suit.  If she is deceased, Plaintiff may only bring
6   this action under Arizona's survivor statute, A.R.S. § 14-3110, if he satisfies the
7   requirements for bringing such action.  Damages for pain and suffering are not allowed
8   under A.R.S. § 14-3110.  Because Plaintiff brings this action on his own behalf and not
9   on behalf of his mother's estate as her personal representative, he has no standing.

10          Even a liberal reading of Plaintiff's Complaint demonstrates that he has failed
11  to establish jurisdiction, standing or state a valid claim.  After thoroughly reviewing the
12  specific allegations contained in the Complaint and the additional papers to determine
13  if the deficiencies of the Complaint could be cured by amendment, it is absolutely clear
14  that the deficiencies of the Complaint could not be cured by amendment.

15

16                                  **RECOMMENDATION**

17          After careful consideration of the Complaint and all papers filed in this action,
18  this Court recommends **DISMISSAL** of the Complaint (Document #1), and this action
19  in its entirety, with prejudice, pursuant to  28 U.S.C. § 1915(e)(2)(B).

20          The Magistrate Judge further recommends that the remaining pending motions
21  be **DISMISSED as MOOT**

22          Pursuant to 28 U.S.C. §636(b), any party may serve and file written objections
23  within ten days after being served with a copy of this Report and Recommendation.
24  A party may respond to another party's objections within ten days after being served
25  with a copy thereof.  Fed.R.Civ.P. 72(b).  If objections are filed, the parties should use
26  the following case number:  **CV 06-0419-TUC-FRZ.**

27

28

1         If objections are not timely filed, then the parties' right to *de novo* review by

2    the District Court may be deemed waived. *See United States v. Reyna-Tapia,* 328 F.3d

3    1114, 1121 (9th Cir) (*en banc*), *cert. denied,* 540 U.S. 900 (2003).

4         DATED this 25th day of February, 2008.

5

6

7    _____

8              Bernardo P. Velasco
       United States Magistrate Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28